IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00281-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    Chris Darren Mackey

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on September 27, 2022.

    The government is requesting detention in this case. The defendant contested detention. Both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person including–
>
>> (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The defendant

is charged with six counts of bank robbery and one count of attempted bank robbery. While out on state bond for two bank robberies, he allegedly robbed or attempted to rob another five banks. The defendant has a lengthy record, including convictions prior convictions for Kidnapping – Sex Assault, Sexual Contact – No Consent, Domestic Violence, Harassment, Assault 2 on Peace Officer, Felony Menacing - Real/Simulated Weapon, and Robbery. The defendant was on parole at the time some of these alleged offenses were committed. He has been revoked from supervision on four separate occasions. He has no ties to the community and has three pending charges. Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community or that the defendant would appear for trial. Accordingly,

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   September 28, 2022               BY THE COURT:

_N. Reid Neureiter_
N. Reid Neureiter
United States Magistrate Judge