## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Nina Y. Wang

Criminal Action No. 22-cr-00281-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CHRIS DARREN MACKEY,

    Defendant.

---

## ORDER SETTING TRIAL DATES AND DEADLINES

    This matter is set for a **ten-day Jury Trial** on the docket of Judge Nina Y. Wang, U.S. District Courthouse, Courtroom A502, 5th Floor, 901 19th Street, Denver, Colorado, to commence on **November 28, 2022 at 9:00 a.m.** On the first day of trial, counsel **and pro se parties** shall be present at **8:30 a.m.**

    It is **ORDERED** that all pretrial motions shall be filed by **November 2, 2022** and responses to these motions shall be filed by **November 9, 2022**. If counsel believe an evidentiary hearing on motions is necessary, both counsel for Defendant and counsel for the Government shall confer and e-mail Chambers at Wang_chambers@cod.uscourts.gov no later than **two business days after filing the motion** to set such a hearing.

    It is **ORDERED** that, absent a relevant motion or further order of the Court, expert disclosures and materials required under Rules 702, 703, and 705 of the Federal Rules of Evidence shall be provided to Defendant not later than 21 days before trial.

It is **FURTHER ORDERED** that, absent a relevant motion or further order of the Court, Rule 404(b) disclosures shall be made in accordance with the discovery hearing report (21 days before trial).

It is **FURTHER ORDERED** that a Final Trial Preparation Conference/Change of Plea Hearing is set **for November 25, 2022,** at **10:00 a.m.** in Courtroom A502.  Lead counsel who will try the case shall attend in person.  Defendant is also required to be present.

The Parties shall be prepared to address the following issues at the Trial Preparation Conference:

1. Jury selection;
2. Sequestration of witnesses;
3. Timing of presentation of witnesses and evidence;
4. Anticipated evidentiary issues;
5. Any stipulations as to fact or law;
6. Proposed *voir dire* question; and
7. Any other issue affecting the duration or course of the trial.

It is **FURTHER ORDERED** that the Parties shall confer prior to the Trial Preparation Conference to reach agreement on as many as possible, if not all, of the proposed jury instructions and verdict form.

It is **ORDERED** that the Parties shall jointly file their proposed jury instructions and verdict forms (in separate filings) via CM/ECF **seven days** prior to the Trial Preparation Conference, unless otherwise ordered.  The Parties shall also send an editable Microsoft Word version of each document to Wang_chambers@cod.uscourts.gov.  Each proposed jury instruction must be submitted on a separate page, be numbered, and identify the source of the instruction and

supporting authority.  To the extent there are disputes with respect to proposed jury instructions, each party shall indicate which is Plaintiff's and which is Defendant's proposed instruction.  In addition, for each disputed instruction, the parties shall jointly submit a single, redlined jury instruction in which they delineate the language they respectively propose.  For example:

> The Government's Proposed Jury Instruction:  You have heard evidence of other crimes, acts, or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident and for no other purpose.

> Defendant's Proposed Jury Instruction:  You have heard evidence of other crimes, acts, or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

It is **FURTHER ORDERED** that exhibit and witness lists are due no later than **seven days** prior to the Trial Preparation Conference, unless otherwise ordered.  The parties shall jointly file their exhibit and witness lists via CM/ECF and shall also send an editable Microsoft Word version to Wang_Chambers@cod.uscourts.gov.  The parties shall use the format for exhibit and witness lists located on the District Court's website at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonNinaYWang.aspx.

It is **FURTHER ORDERED** that the Parties shall submit their respective proposed *voir dire* questions in a joint email to Wang_Chambers@cod.uscourts.gov no later than **two business days** prior to the Trial Preparation Conference.

It is **FURTHER ORDERED** that if the Parties intend to offer deposition testimony in lieu of a live witness at trial, no later than **twenty-one days** prior to the Trial Preparation Conference, the party offering such testimony must designate the deposition testimony and inform the opposing party whether the testimony will be read or presented from a video recording.  Counter-

designations must be made no later than **fourteen days** prior to the Trial Preparation Conference. Prior to the Trial Preparation Conference, the parties shall meet and confer regarding their designations and objections.

After a good-faith meet and confer process, the parties shall identify any remaining objections by page and line citation and provide (1) a copy of the transcript(s); (2) an explanation for each objection; and (3) any relevant or supporting case law to Wang_Chambers@cod.uscourts.gov no later than **seven days** prior to the Trial Preparation Conference. Transcripts submitted to the Court should have each party's designations in a different color of highlighting, with a clear legend of the designated colors.

It is **FURTHER ORDERED** that the Court will not consider any motion related to the disclosure or production of discovery that is addressed by the Discovery Order and/or Fed. R. Crim. P. 16, unless Counsel for the moving party, prior to filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel in an effort to attempt to resolve the disputed matter, e.g., questions or disputes relating to the scope and/or timing of disclosure of such discovery. If the Parties are able to resolve the dispute, the Motion shall be titled "Unopposed Motion for _____," and the Parties shall submit the proposed order the Parties wish the Court to enter. If the Parties are unable to resolve the dispute, the moving party shall state in the Motion the specific efforts that were taken to comply with this Order to Confer.

DATED: October 11, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

4