IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00281-NYW

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**CHRIS DARREN MACKEY,**

    Defendant.

---

UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED TWENTY DAYS
FROM SPEEDY TRIAL ACT

---

Chris Mackey, through counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 120-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. The government does not oppose this motion.

    I.    <u>Procedural Background</u>

On September 8, 2022, the government filed an Indictment against Mr. Mackey, alleging seven violations of 18 U.S.C. § 2113(a). *See* ECF 3. The Indictment alleges seven separate offenses, with different offense dates and locations, that allegedly occurred over the course of eleven and one half months. *Id.*

Defense counsel received initial discovery for Mr. Mackey's case on October 4, 2022. The amount of discovery disclosed thus far is significant – it includes over 2,000 pages of reports and other records, and 96 video and audio files. Also, the government has informed defense counsel that further discovery is pending.

Furthermore, each individual offense alleged in the Indictment will require investigation, which is more time-consuming than investigating a single offense.

II.     Speedy Trial Calculation

Forty (40) days have passed since Mr. Mackey first appeared on the Indictment, not including the date of the present filing. As a result, thirty (30) days remain in the original speedy trial period. The original speedy trial date is December 1, 2022. An extension of 120 days would move the 70-day speedy trial date to approximately April 1, 2023.

III.    Standard for Continuances

A court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Pertinent factors that apply to an "ends of justice finding" in the present case include: Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States,* 130 S.Ct. 1345 (2010).

IV.     Argument

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. Mackey requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would...result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel requires 120 additional days to review the discovery materials with Mr. Mackey, conduct necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial motions, and fully advise Mr. Mackey as to both the likelihood of success or failure at trial and the sentencing range he will face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Mackey's behalf.

Neither Mr. Mackey nor the government object to the requested continuance. The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame. More time is essential

3

to guarantee his right to effective representation. Defense counsel believes the requested extension would serve the requested purpose and allow for a complete and thorough defense investigation as well as the necessary time for plea negotiation and preparation for motions and trial. The present request is Mr. Mackey's first request for additional time under the Speedy Trial Act.

WHEREFORE, Mr. Mackey respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Albert Buchman, Assistant United States Attorney
Al.Buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Chris Mackey (U.S. Mail)

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant