IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 22-cr-00281-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CHRIS DARREN MACKEY,

    Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION TO EXCLUDE NINETY DAYS FROM SPEEDY TRIAL ACT**

---

    This matter is before the Court on Defendant Chris Darren Mackey's ("Defendant") Unopposed Motion to Exclude Ninety Days from Speedy Trial Act ("Motion"). [Doc. 26, filed March 1, 2023]. Defendant asks this Court for an order excluding 90 days from the Speedy Trial Act calculation and for an extension of relevant deadlines, including the pretrial motions deadline, pursuant to 18 U.S.C. § 3161(h)(7)(A). [*Id.*]. The Court notes that this is the second extension of time requested by Defendant. *See* [Doc. 24].

    Defendant's Motion implicates the Speedy Trial Act of 1974 ("Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18

1

U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

Defendant's Motion describes the various factors that he believes necessitate the exclusion of 90 days in this case, and the Court adopts and incorporates those facts here. In support of his Motion, Defendant states that on September 8, 2022, a seven-count indictment was filed in this case, charging him with violating 18 U.S.C. § 2113(a), bank robbery, alleging violations that occurred on different dates and in different locations over the course of nearly one year. [Doc. 26 at 1]; *see also* [Doc. 3].

Counsel for Defendant states that she received initial discovery for Defendant on October 4, 2022, and "[t]he initial disclosures were significant – they include over 2,000 pages of reports and other records, and 96 video and audio files." [Doc. 26 at 1]. Thereafter, the Government disclosed additional discovery between December 1, 2022 and February 27, 2023. [*Id.*]. Defense counsel states that she has been communicating with the Government regarding Defendant's case, and "negotiations are ongoing." [*Id.* at 2]. However, she continues, Defendant "has defense investigation tasks pending, some of which relate to mitigation investigation, that cannot be completed before the current pretrial motions deadline or the deadline for filing a notice of disposition." [*Id.*]. And such deadlines are "significant because the [G]overnment will likely

3

foreclose negotiations if pretrial motions are filed." [*Id.*]. Defense counsel represents that the records that she is currently seeking "often require several weeks and sometimes several months to process." [*Id.*].

Defense counsel further states that an additional 90 days will allow her time "to conduct necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial motions, and fully advise Mr. Mackey as to both the likelihood of success or failure at trial and the sentencing range he will face if convicted, as well as prepare for trial or negotiate a favorable disposition with the [G]overnment on Mr. Mackey's behalf." [*Id.* at 2–3]. Counsel also represents that the Government does not object to the relief requested in the Motion. [*Id.* at 3]. Counsel further states that "[t]he nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame" and, therefore, "[m]ore time is essential to guarantee [Defendant's] right to effective representation." [*Id.* at 4].

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv).[1] As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel. Accordingly, the Court **FINDS** that:

(1)  Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

---

[1] Defense counsel states that the "failure to grant the requested continuance in this case would result in a miscarriage of justice" and would deny her the "reasonable time necessary for effective preparation" of the defense pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv)." [Doc. 26 at 3].

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **HEREBY ORDERED** that:

(1) Defendant's Unopposed Motion to Exclude Ninety Days from Speedy Trial Act [Doc. 26] is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from April 1, 2023 to June 30, 2023**;

(3) The current dates for the trial, Trial Preparation Conference/Change of Plea Hearing, and pretrial motions are hereby **VACATED.** The **10-day** jury trial is **RESET** for **June 20, 2023**. The Trial Preparation Conference/Change of Plea Hearing is **RESET** for **June 16, 2023 at 11:00 a.m.**;

(4) Defendant shall have up to and including **May 8, 2023** to file pretrial motions, and responses to these motions shall be filed by **May 15, 2023**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_chambers@cod.uscourts.gov no later than **two business days after filing the motion** to set such a hearing; and

(5) The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 17] remain **SET**.

DATED: March 7, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5